**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Shon Ramsey, | No. CV-19-04882-PHX-MHB |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

At issue is the denial of Plaintiff Shon Ramsey's Applications for Disability Insurance Benefits and Supplemental Security Income Benefits by the Social Security Administration ("SSA") under the Social Security Act ("the Act"). Plaintiff filed a Complaint (Doc. 1) with this Court seeking judicial review of that denial, and the Court now addresses Plaintiff's Opening Brief (Doc. 21, "Pl. Br."), Defendant SSA Commissioner's Response Brief (Doc. 29, "Def. Br."), and Plaintiff's Reply (Doc. 30, "Reply"). The Court has reviewed the briefs and Administrative Record (Doc. 28, "R."), and now affirms the Administrative Law Judge's ("ALJ") decision (R. at 10–33) as upheld by the Appeals Council (R. at 1–6).

**I.     BACKGROUND**

Plaintiff filed her Applications for Disability Insurance Benefits and Supplemental Security Income Benefits on July 18, 2016, alleging disability beginning on March 1, 2011. (R. at 13.) Plaintiff amended her disability onset date to September 1, 2015. (R. at 64.) Her

claims were denied initially on December 5, 2016, and upon reconsideration on March 31, 2017. (R. at 13.) On February 15, 2018, Plaintiff appeared at a hearing before the ALJ. (R. at 13.) On August 16, 2018, the ALJ denied Plaintiff's Applications, and on June 3, 2019, the Appeals Council denied Plaintiff's Request for Review of the ALJ's decision. (R. at 1–6, 10–33.)

The Court has reviewed the medical evidence in its entirety and will discuss the pertinent medical evidence in addressing the issues raised by the parties. Upon considering the medical records and opinions, the ALJ evaluated Plaintiff's disability based on the following severe impairments: fibromyalgia, carpal tunnel syndrome, degenerative disc disease, obesity, vascular issues, and affective disorder. (R. at 16.)

Ultimately, the ALJ evaluated the medical evidence and testimony and concluded that Plaintiff was not disabled from September 1, 2015 through the date of the decision. (R. at 28.) The ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." (R. at 17.) Next, the ALJ calculated Plaintiff's residual functional capacity ("RFC") and found that she can "perform light work as defined in 20 CFR 404.1567(b) and 20 CFR 404.967(b) except [she] can frequently climb ramps/stairs, never climb ladders, ropes or scaffolds, frequently balance, stoop, kneel, crouch and crawl, frequently handle and grasp, and is limited to simple work with incidental social contact." (R. at 21.) Accordingly, the ALJ found that Plaintiff can perform jobs that exist in significant numbers in the national economy. (R. at 27.)

## II.     LEGAL STANDARDS

In determining whether to reverse an ALJ's decision, the district court reviews only those issues raised by the party challenging the decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The Court may set aside the Commissioner's disability determination only if it is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the

record as a whole. *Id.* To determine whether substantial evidence supports a decision, the Court must consider the record as a whole and may not affirm simply by isolating a "specific quantum of supporting evidence." *Id.* Generally, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citations omitted).

To determine whether a claimant is disabled for purposes of the Act, the ALJ follows a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears the burden of proof on the first four steps, but the burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). At the first step, the ALJ determines whether the claimant is presently engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. 20 C.F.R. § 404.1520(a)(4)(ii). At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404. 20 C.F.R. § 404.1520(a)(4)(iii). If so, the claimant is automatically found to be disabled. *Id.* At step four, the ALJ assesses the claimant's RFC and determines whether the claimant is still capable of performing past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If not, the ALJ proceeds to the fifth and final step, where she determines whether the claimant can perform any other work in the national economy based on the claimant's RFC, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v). If not, the claimant is disabled. *Id.*

**III.  ANALYSIS**

Plaintiff challenges the ALJ's assessment of the medical opinions of record and Plaintiff's symptom testimony. (Pl. Br. at 1.) The Court rejects Plaintiff's arguments and accordingly affirms the ALJ's decision.

**A.  The ALJ correctly rejected the opinion of Plaintiff's treating physician and nurse practitioner because the opinion was unsupported by their medical records.**

Nurse practitioner Sharon Toth, N.P.-C, and primary care physician, Bernadette Francois, M.D., jointly completed a functional evaluation of Plaintiff, which the ALJ rejected. (R. at 25, 578–80.) Specifically, the ALJ found that the opined to limitations "are plainly extreme and lack much support in [their] notes which document [normal findings]." (R. at 25.) Further, the ALJ found that the opinion was inconsistent with Plaintiff's activities of daily living. (R. at 25.)

While "[t]he ALJ must consider all medical opinion evidence," there is a hierarchy among the sources of medical opinions. *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008). Those who have treated a claimant are treating physicians, those who examined but did not treat the claimant are examining physicians, and those who neither examined nor treated the claimant are nonexamining physicians. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). If a treating physician's opinion is not given controlling weight, then the ALJ must consider the relevant factors listed in 20 C.F.R. § 404.1527(d)(2)–(6) and determine the appropriate weight to give the opinion. *Orn*, 495 F.3d at 632. If a treating physician's opinion "is contradicted by another doctor's opinion, the ALJ cannot reject the treating physician's opinion unless he provides specific and legitimate reasons that are based on substantial evidence in the record." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005).

The ALJ's first reason for rejecting Dr. Francois's and nurse practitioner Toth's opinion—its inconsistency with their medical records—is a specific and legitimate reason that is supported by substantial evidence. Whether an opinion is supported by the available treatment records is a proper consideration. 20 C.F.R. § 404.1527(c)(4); *see Valentine v. Comm'r, Soc. Sec. Admin.*, 574 F.3d 685, 692-93 (9th Cir. 2009). The treatment records underlying Dr. Francois's and nurse practitioner Toth's opinion are largely unremarkable. (R. at 552, 561, 564.) The ALJ identified normal findings in their records and those records

are, in fact, consistent with the ALJ's conclusion. (R. at 25, 552, 558, 561, 564–65.) Although Plaintiff identifies some abnormal findings in those records, substantial evidence supports the ALJ's conclusion, and thus, the ALJ did not err. (Pl. Br. at 8–9.) *See Tommasetti*, 553 F.3d at 1041.

      **B.**    **The ALJ provided specific, clear, and convincing reasons supported by substantial evidence for rejecting Plaintiff's testimony.**

The ALJ provided several reasons for rejecting Plaintiff's testimony. First, the ALJ found that Plaintiff's allegations of disabling symptoms are contradicted by the medical evidence. (R. at 23.) Next, the ALJ found that her activities of daily living contradict her testimony. (R. at 23.) The ALJ also found that Plaintiff experienced improvement inconsistent with her allegations. (R. at 23–24.) Finally, the ALJ found that Plaintiff's treatment was conservative, which indicates that her symptoms are not as severe as alleged. (R. at 23–24.)

An ALJ performs a two-step analysis to evaluate a claimant's testimony regarding pain and symptoms. *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014). First, the ALJ evaluates whether the claimant has presented objective medical evidence of an impairment "which could reasonably be expected to produce the pain or symptoms alleged." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035–36 (9th Cir. 2007) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (*en banc*) (internal quotation marks omitted)). If the claimant presents such evidence, then "the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so." *Garrison*, 759 F.3d at 1014–15 (citing *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996)). This is the most demanding standard in Social Security cases. *Id*. at 1015. "In evaluating the credibility of pain testimony after a claimant produces objective medical evidence of an underlying impairment, an ALJ may not reject a claimant's subjective complaints based solely on a lack of medical evidence to fully corroborate the alleged severity of pain." *Burch v. Barnhart*, 400 F.3d 676, 682 (9th Cir. 2005)

Substantial evidence supports the ALJ's rejection of Plaintiff's symptom testimony. As the ALJ noted, the medical findings were generally normal despite some abnormalities. (R. at 23.) This was a permissible consideration. 20 C.F.R. § 404.1529(c)(2), (4). Importantly, the ALJ found that Plaintiff's need for a cane does not appear to be supported by the record. (R. at 24.) Moreover, Plaintiff's statements regarding her need for a cane were inconsistent; at her hearing she testified that she was not prescribed a cane, even though at a previous hearing she testified it was prescribed. (R. at 43, 66.) In her function report, Plaintiff states that her cane was prescribed, but Plaintiff's mother reported that Plaintiff does not use a cane. (R. at 361, 396.)

The ALJ also properly relied upon Plaintiff's improvement from treatment, and her pursuit of only conservative treatment. The record demonstrates that Plaintiff experienced improvement following surgery, despite her testimony to the contrary. (R. at 71, 664.) Moreover, Plaintiff sought only conservative treatment for her vascular issues and mental impairment. (R. at 24.) Plaintiff refused a referral to pain management, and instead, Plaintiff relied primarily on marijuana to treat her pain, so the ALJ properly found that Plaintiff sought only conservative treatment. (R. at 43, 45, 79, 607.) *Wilson v. Colvin*, 583 F. App'x 649, 651 (9th Cir. 2014) (relying on marijuana use in concluding claimant pursued only conservative treatment). Accordingly, the ALJ properly rejected Plaintiff's symptom testimony.

**IT IS THEREFORE ORDERED** affirming the August 16, 2018 decision of the ALJ, as upheld by the Appeals Council on June 3, 2019.

**IT IS FURTHER ORDERED** directing the Clerk of Court to enter judgment accordingly and close this matter.

Dated this 7th day of July, 2020.

_____
Honorable Michelle H. Burns
United States Magistrate Judge